### KENNEY v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2134. Decided March 8, 1932

Samuel B. Erskine, Athens, for plaintiff in error.

Henry H. Holden, Prosecuting Attorney, Columbus, and Emmett Keenan, Athens, for defendant in error.

KUNKLE, J.

In brief, it appears from the record that the prosecuting witness, Aura M. Kenney, and the plaintiff in error were formerly husband and wife; that the plaintiff in error was divorced from the said prosecuting witness in 1924; that they were the parents of three children, one of whom is named in the affidavit in question, namely, Elva Kenney, of the age of about eleven years. The bill of exceptions contains some testimony in reference to the divorce proceedings between the parties but no certified transcript of the docket and journal entries of the Court of Common Pleas, Athens County, has been filed. This would be the best evidence of what transpired in that court when the decree for divorce was granted.

Counsel for plaintiff in error state, and it is not denied that the divorce was granted by reason of the aggression of the wife, the prosecuting witness in this case, and that the custody of the children was awarded the plaintiff in error. It seems that the children, however, remained with the mother and that the father, the plaintiff in error, for a considerable time, contributed $25.00 per month to the mother for their support.

Subsequently the amount of these monthly payments was reduced to $20.00 per month for two of the children. These payments were made regularly by the husband for a considerable time, namely, until 1928 or 1929, both dates appearing in the testimony. On page 12 of the record the plaintiff in error was asked the following questions:

"Q. Along about 1928 or 1929 were you not charged with non-support in the Probate Court of Athens County? A. 1929."

It appears that in 1929, an affidavit was filed against plaintiff in error by his former wife in the Probate Court of Athens County charging him with nonsupport. No transcript of the docket and journal entries of this proceeding has been presented for the consideration of the court.

This would be the best evidence of what, if anything, transpired in the Probate Court of Athens County.

The parties have testified to some extent in reference to this proceeding.

Plaintiff in error claims that a hearing was had in the Probate Court of Athens County on this affidavit, at least a partial hearing; that both the prosecuting witness and the plaintiff in error were present and were represented by counsel in such proceeding; that an agreement was entered into by the respective parties to the effect that plaintiff in error should pay $10.00 per month for each of said two children until the daughter arrived at the age of eighteen years.

Plaintiff in error testified as follows:

"Q. Did you pay what you agreed to pay up until the time your daughter became 18 years of age? A. Yes, sir.

"Q. Since that time have you been contributing to the support of your son? A. Yes.

"Q. How much have you been contributing to the support of your son? A. $10.00 a month.

"Q. Approximately how long have you paid $10.00 a month? A. Since the girl was 18, along last April." * * *

"Q. Have you ever missed a month paying $10.00 per month? A. No sir."

The prosecuting witness says she does not know anything about an agreement between their respective counsel. The question was asked:

"Q. If there had been such an agreement you would have known about it, I take it; you never knew anything about it? A. I didn't know what arrangements was made."

On page 8 she testified further as follows:

"Q. What, if anything, has Mr. Kenney been paying for the support of this child since 1928? A. $10.00 per month, any time during the month he decided to send it.

"Q. Has there ever been a month gone by that he did not send it? A. There has been two or three days gone over the month's time that the check didn't arrive."

In brief, the prosecuting witness admits that these monthly payments have been made each month during a series of years since their divorce, but complains that on several occasions the payments were two or three days late. We shall not attempt to quote further from the testimony, with which counsel are familiar.

Counsel for plaintiff in error raise different legal questions. Among other things, plaintiff in error claims that venue has not been shown. The prosecuting witness was called but in her direct examination it nowhere appears where she was living when the affidavit in question was filed. On cross examination, however, the first question asked was:

"Q. How long have you lived in Columbus?

"A. Since the 10th of last September."

This affidavit was filed on May 4, 1931. The above is all that the record contains upon the subject of venue, and, as suggested, is brought out on cross examination. Whether she is or is not a resident of Columbus or is merely here temporarily is not disclosed by the record. It does not appear whether she moved here from Athens or from some point outside the state. We will assume for the purposes of this case that the statement that she has been

living in Columbus since last September was sufficient to justify the lower court in taking judicial notice of the fact that Columbus is located in Franklin County, Ohio, and that the prosecuting witness was a bona fide resident in Franklin County.

The sentence imposed by the trial court in this case, as shown by the bill of exceptions, was as follows:

"Thereupon the court overruled said motion for a new trial filed as aforesaid by the said defendant and entered up judgment on said finding in favor of said plaintiff, the State of Ohio, and against said defendant, sentencing the said defendant to be imprisoned in the workhouse for a period of six months and to pay a fine of five hundred dollars ($500.00) and the costs of the prosecution, and to stand committed to the workhouse of the City of Columbus, Ohio, until the fine and costs are paid; provided, however, that should the said defendant herein pay toward the support and maintenance of the said Elva Kenney the sum of Twenty Dollars ($20.00) per month, the enforcement of said fine and sentence shall be suspended; to which ruling of the court in finding said defendant guilty and sentencing him as aforesaid, the defendant excepts."

The plaintiff in error, upon the complaint of the prosecuting witness was found guilty and sentenced to pay a fine of $500.00 and to be imprisoned for six months in the workhouse for failing to support this minor son between the 16th day of March and the 16th day of April, 1931. This is the charge contained in the affidavit. The bill of exceptions contains two exhibits, one of which is a check for $10.00 dated March 14, 1931, payable to the order of the prosecuting witness for $10.00, signed by the plaintiff in error and which check on its face shows that it is in full for March, 1931. This check is endorsed and was cashed by the prosecuting witness.

The other exhibit is a check dated April 4, 1931, drawn in favor of the prosecuting witness for the sum of $10.00 signed by the plaintiff in error, endorsed and cashed by the prosecuting witness and shows on its face that it is in full for April, 1931.

Assuming that the record fairly discloses that an agreement was entered into by these parties at the time the affidavit was filed in the Probate Court of Athens County by which it was agreed that the plaintiff in error should contribute $10.00 per month for each of these two children until the

daughter arrived at the age of eighteen; that such contributions were made until the daughter arrived at the age of eighteen, and that since then each month the plaintiff in error has contributed $10.00 for the support of the minor son in question. The conduct of the parties during this period of time clearly supports the testimony of the plaintiff in error as to such an arrangement having been made. The prosecuting witness, by accepting the checks attached to the bill of exceptions and endorsing them in the form in which they were drawn shows that she accepted the same as payment in full for the months of March and April, 1931.

The plaintiff in error was not in default when this affidavit was filed for the reason that the prosecuting witness, by endorsing these checks accepted the same as payment for the months of March and April. The affidavit is based upon the month from March 16th to April 16th.

Whether there was or was not an agreement between said parties whereby the mother was to accept ten dollars per month for the support of each minor child is a question of fact and even if from the record this question of fact as to an agreement having been entered into was resolved against the plaintiff in error, nevertheless the mother, as above stated, by her conduct and by her acceptance of the checks even up to and including April, 1931, placed herself in a status where she could not be heard to say that the amount paid was entirely inadequate for the support of this minor child.

Counsel present the further question as to the jurisdiction of this court by reason of the proceedings had in the Court of Common Pleas of Athens County wherein the divorce was granted plaintiff in error and the custody of the children awarded to him. It is claimed that the Court of Common Pleas of Athens County thereby acquired exclusive jurisdiction of the question. We think it unnecessary to consider this question for the reason that it is apparent from the record that the plaintiff in error was not in default when the affidavit in question was filed.

Judgment of the lower court will be reversed because the same is not supported by the evidence, and cause remanded.

Upon the state of the record it would not be proper for us to determine what amount, if any, in addition to the $10.00 should be paid by plaintiff in error for the support of this son in the future. It is sufficient for us to say that the record does not warrant the conviction of the plaintiff in error and the assessment of a fine of $500.00 and imprisonment for six months in the workhouse.

ALLREAD, PJ, and HORNBECK, J, concur.